**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMELINES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 11 CV 6867 |
| | ) | |
| FACEBOOK, INC. | ) | Honorable John W. Darrah |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF FACEBOOK, INC.'S MOTION *IN LIMINE* NO. 3:
TO EXCLUDE EVIDENCE, ARGUMENT, AND TESTIMONY REGARDING
FACEBOOK'S UNRELATED TRADEMARK PROSECUTION AND
ENFORCEMENT EFFORTS**

**I.    INTRODUCTION**

Defendant Facebook, Inc. ("Facebook") respectfully moves this Court *in limine* for an order excluding evidence, argument, and testimony regarding Facebook's unrelated trademark prosecution and enforcement efforts under Federal Rules of Evidence 401, 402, 403, and 404. Such evidence, which concerns Facebook's alleged efforts to register and/or protect certain trademarks that are not at issue in this action, is wholly irrelevant to the issues in this case — the validity of Plaintiff's alleged "timelines" trademark and Facebook's allegedly infringing use of the term "timeline" — and therefore is inadmissible. Fed. R. Evid. 402. Even if this evidence could be deemed relevant, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, wasting time, and misleading the jury. Fed. R. Evid. 403. Further, this evidence should also be excluded because it constitutes improper character evidence. Fed. R. Evid. 404.

**II.    BACKGROUND**

In its complaint, Plaintiff alleges that Facebook's use of the term "timeline" to refer to a feature of its user interface infringes Plaintiff's purported trademark rights in the terms

"Timelines," "Timelines.com," and a stylized version of "Timelines" (the "Alleged TIMELINES Marks"). (Dkt. No. 27, Am. Compl. ¶ 5.) No other terms or alleged trademarks are at issue in this case.

Despite the narrow scope of this trademark infringement action, Facebook anticipates that Plaintiff will attempt to rely on Facebook's unrelated trademark prosecution and enforcement efforts at trial to argue that either (a) Plaintiff owns protectable trademark rights in the Alleged TIMELINES Marks, or (b) Facebook is not making fair use of the term "timeline" but rather is using the term as a trademark. In its opposition to Facebook's motion for summary judgment, Plaintiff alleged that:

- Facebook's "name comes from the 'generic' name that was given to certain college picture books known as 'face books.'" (Dkt. No. 112 (Pl. Opp. to Facebook's Motion for Summary Judgment) at 11.)

- Facebook has "trademarked and enforced the terms 'like,' 'poke,' 'wall,' to name just a few." (*Id.* at 2.)

- "Facebook's own trademark history demonstrates that it seeks trademark protection for terms that appear in dictionaries …." (*Id.* at 11.)

- "Facebook aggressively litigates its own trademarks that appear to be generic. When other entities have attempted to register or use any term close to Facebook's registrations, such as 'WALL' or even terms using 'BOOK,' Facebook has attacked those entities (including one that sought to trademark 'F*') in courts and before the Trademark Trial and Appeal Board." (*Id.*)

- "Given Facebook's history, there is no question that were it not for this legal dispute, Facebook already would have applied for its *own* trademark for the term TIMELINE, and presumably would argue that the term is suggestive and also that it has acquired secondary meaning. That is because Facebook has filed lawsuits or USTPO objections against many companies for many similar terms, and this case falls within the ambit of those efforts." (*Id.*)

2

**III.     ARGUMENT**

    **A.     Evidence Regarding Facebook's Unrelated Trademark Prosecution and Enforcement Efforts Is Irrelevant and Thus Inadmissible.**

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402; *see Abbot Labs. v. Sandoz, Inc.*, 743 F.Supp.2d 762, 777-78 (N.D. Ill. 2010) (excluding irrelevant evidence under Fed. R. Evid. 402).

The sole issue in this case is whether Facebook's use of the term "timeline" for a feature that organizes user content in chronological order infringes Plaintiff's purported rights in the Alleged TIMELINES Marks. Evidence relating to Facebook's prosecution and enforcement efforts for words other than "timeline", such as FACEBOOK, LIKE, POKE, and WALL, has no bearing on Facebook's fair descriptive use of the term "timeline." Nor does the validity of *Facebook's* trademarks have any bearing on the validity of *Plaintiff's* alleged TIMELINES Marks, or on the issue of whether Facebook's use of the word "timeline" is likely to lead to any confusion. This evidence is wholly irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.

    **B.     Evidence Regarding Facebook's Unrelated Trademark Prosecution and Enforcement Efforts Is Also Highly Prejudicial and Thus Inadmissible.**

Even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or wasting time. FED. R. EVID. 403; *Thompson v. City of Chicago*, 472 F.3d 444, 456-57 (7th Cir. 2006) (citation omitted) ("Rule 403 provides a district court with discretion to exclude evidence where 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'")

Here, Plaintiff's theory appears to be that if Facebook is able to register and enforce allegedly descriptive or generic terms, then Plaintiff should have the ability to do so, too. This "evidence" amounts to nothing more than Plaintiff's own unsupported allegations regarding the alleged genericness of Facebook's unrelated trademarks. If Plaintiff is permitted to introduce those allegations at trial, Facebook will have to use time at trial responding to them. This evidence should be excluded under Federal Rule of Evidence 403 because a mini-trial on the validity of Facebook's marks and its prosecution and enforcement efforts relating to those marks will confuse the issues, mislead the jury, and waste trial time. Fed. R. Evid. 403 Advisory Committee Notes; *see Thompson*, 472 F.3d at 457 (citations omitted) (excluding evidence under Fed. R. Evid. 403 "because its admission makes it likely that the jury will be induced to decide the case on an improper basis ….").

    **C.    Evidence Regarding Facebook's Unrelated Trademark Prosecution and Enforcement Efforts Constitutes Improper Character Evidence and Thus Should Not Be Admitted.**

Furthermore, to the extent that Plaintiff attempts to introduce evidence of Facebook's unrelated trademark prosecution and enforcement efforts as "character" evidence, Federal Rule of Evidence 404(b) prohibits the admission of such evidence. Specifically, under Rule 404(b), evidence of prior acts is not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In order for evidence of prior acts to be admissible, such evidence must: (1) "be directed toward establishing a matter in issue;" (ii) "show that the other act is similar enough and close enough in time to be relevant to the matter in issue;" (iii) "be sufficient to support a jury finding that the defendant committed the similar act;" and (iv) "have probative value that is not substantially outweighed by the danger of

4

unfair prejudice." *United States v. White*, 698 F.3d 1005, 1017-18 (7th Cir. 2012) (quoting *United States v. Perkins*, 548 F.3d 510, 513-14 (7th Cir. 2008)).

In opposition to Facebook's summary judgment motion, Plaintiff used Facebook's unrelated trademark prosecution and enforcement activities to allege that:

- "Given Facebook's history, there is no question that were it not for this legal dispute, Facebook already would have applied for its *own* trademark for the term TIMELINE, and presumably would argue that the term is suggestive and also that it has acquired secondary meaning" (Dkt. No. 112 (Pl. Opp.) at 2); and

- "Facebook's own trademark history demonstrates that it seeks trademark protection for terms that appear in dictionaries …" (*Id.* at 11).

Plaintiff hopes to convince the jury that Facebook must be using the generic term "timeline" as a trademark and not in its fair and descriptive sense because Facebook has previously sought registrations for and asserted rights in other, unrelated marks that Plaintiff characterizes as generic. This theory is not only illogical and unsupported by the facts, but also would likely result in unfair prejudice to Facebook and confusion about the allegedly infringing acts at issue.

Given that the only purpose for this evidence is to attempt to establish Facebook's propensity towards a certain course of conduct, it constitutes improper character evidence and is therefore inadmissible. FED. R. EVID. 404(b).

## IV. CONCLUSION

Based on the foregoing, Facebook respectfully requests that the Court exclude evidence, argument, and testimony regarding Facebook's unrelated trademark prosecution and enforcement efforts.

/ / /

5

Dated: April 8, 2013                                            Respectfully submitted,

    COOLEY LLP

By:   */s/ Peter J. Willsey*                       Steven D. McCormick (#1824260)
      Peter J. Willsey *(pro hac vice)*              KIRKLAND & ELLIS LLP
      Brendan Hughes *(pro hac vice)*           300 North LaSalle
      1299 Pennsylvania Avenue, NW, Ste 700  Chicago, IL  60654-3406
      Washington, DC  20004-2400             Tel:  (312) 862-2000; Fax:  (312) 862-2200
      Tel: (202) 842-7800; Fax: (202) 842-7899  Email: smccormick@kirkland.com
      Email:  pwillsey@cooley.com,
      bhughes@cooley.com

      Michael G. Rhodes *(pro hac vice)*
      101 California Street, 5th Floor
      San Francisco, CA  94111-5800
      Tel:  (415) 693-2000; Fax:  (415) 693-2222
      Email: mrhodes@cooley.com

      *Counsel for Facebook, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that he served the foregoing **MEMORANDUM IN SUPPORT OF FACEBOOK, INC.'S MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE, ARGUMENT, AND TESTIMONY REGARDING FACEBOOK'S UNRELATED TRADEMARK PROSECUTION AND ENFORCEMENT EFFORTS** by means of the Court's CM/ECF System, which causes a true and correct copy of the same to be served electronically on all CM/ECF registered counsel of record, on April 8, 2013.

Dated: April 8, 2013

                                                    */s/ Brendan J. Hughes*
                                                  Brendan J. Hughes (*pro hac vice*)
                                                  COOLEY LLP
                                                  1299 Pennsylvania Avenue, NW, Ste. 700
                                                  Washington, DC 20004-2400
                                                  Tel: (202) 842-7800
                                                  Fax: (202) 842-7899
                                                  Email: bhughes@cooley.com

1109663 HN